Fowler vs. McClelland.

FOWLER vs. McCLELLAND.

An administrator against whom an allowance has been made by the Probate Court, in favor of a creditor of the estate, and order to pay him a *pro rata* dividend, is not liable to garnishment at the suit of a creditor of that creditor, in respect of such allowance, either individually or as administrator.

If he were liable, he would be so individually, and not in his representative capacity.

THIS was a proceeding by garnishment, determined in Pulaski Circuit Court, in November, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges.   *McClelland*, a judgment creditor of William and Jesse B. Badgett, sued a writ of garnishment against Fowler, as administrator of Robert Crittenden, and as debtor, in that capacity, of the Badgetts.   On interrogatories filed against him in that capacity, he answered, stating an allowance in the Probate Court, in favor of the Badgetts against the estate of Crittenden, and an order of that court that he should pay a certain dividend on that allowance; which dividend was due and unpaid.   Judgment against him, as administrator, for the amount of the dividend: and error.

The case was argued here by *Fowler* for himself.

*By the Court*, RINGO, C. J.   The case is clearly within the principles upon which this court proceeded in deciding the cases of *Thorn*

*&* *Robins vs. Woodruff & Rutherford,* and *Trowbridge & Jennings vs. Means,* at the last term. The judgment here is given against the plaintiff in error in his fiduciary or representative character as administrator, and if it was correctly given against him in that character, it would come within the rule established in the former case; but if it was in this respect erroneously given, and should, upon the facts as shown, have been entered against him in his individual character, as for a debt due from him in his own right, as in our opinion it ought to have been, because upon the facts shown by his answer, the execution, founded upon the order of the probate court, requiring him to pay the dividend declared in favor of the Badgetts, must have been against his private estate, instead of the assets of his intestate in his hands unadministered, then it is expressly within the principle ruled in the case last mentioned; which excludes all debts existing in judgment from the operation of the statutory provisions concerning such garnishments; upon the ground principally that such judgment debtor would be always compelled to submit to great vexation and harassment, and in many instances be forced to resort to a court of equity for protection, if such proceeding by garnishment against him was allowed, and therefore it was considered to be a case not embraced by the spirit and true intention and design of the statutory provisions authorizing such garnishments and proceedings thereon, although embraced by the general terms of the law.

We are, therefore, of the opinion that the plaintiff in error was not, on account of his indebtedness to William Badgett & Co., as shown in this case, liable upon the garnishment of the defendant in error, and that the court erred in giving judgment thereupon against him.

Judgment reversed.